```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

 CHRISTOPHER KONOPKA,

                Plaintiff,                  MEMORANDUM & ORDER
                                            21-CV-7080(EK)(LGD)

          -against-

 CHRISTOPHER CLEMONS, CLEMTEK LLC,
 TANDY CLEMONS, and DONNA CLEMONS,

                Defendants.

-------------------------------------x
```
ERIC KOMITEE, United States District Judge:

According to the operative pleading in this case, plaintiff Christopher Konopka and defendant Christopher Clemons ("Clemons") were partners in a business venture called Advanced Creative Gaming LLC ("ACG"). Compl. ¶ 12, ECF No. 1. The venture apparently ended badly; Konopka and Clemons ultimately "sought the dissolution" of ACG in a 2016 and 2017 litigation in Nevada state court. *Id.* ¶ 13; *see* Compl. Ex. A, ECF No. 3. That litigation was resolved by a settlement agreement pursuant to which Clemons agreed to pay Konopka $350,000 over time. Compl. ¶ 15. To the secure these payments, Konopka received a security interest in a patent held by ACG. *Id.* ¶ 20.

Following the settlement agreement, but before Konopka could perfect the security interest, Clemons — who held the majority stake in ACG — transferred the patent (via assignment)

1

to defendant Clemtek LLC, an entity that Clemons controlled alongside his parents Tandy and Donna Clemons (who are also defendants here).  *Id.* ¶¶ 21-25, 46.  When Clemons later defaulted on his settlement payments, *id.* ¶¶ 18-19, Konopka attempted, pursuant to the settlement agreement, to exercise his ownership rights to the patent.  *Id.* ¶¶ 28-30.  Clemtek, however, asserts that it is the patent's rightful owner.  *Id.* ¶ 31.  Invoking this Court's diversity jurisdiction, Konopka brings claims for breach of contract and fraudulent inducement against Clemons, as well as a claim for fraudulent conveyance against all defendants.

Defendants jointly move to dismiss the complaint on two grounds.  They assert, first, that a forum selection clause in Clemons and Konopka's settlement agreement requires Plaintiff to bring this action in Clark County, Nevada.  Defendants also assert that Konopka has failed to establish personal jurisdiction over them.  Because the Court lacks personal jurisdiction over any defendant, the motion to dismiss is granted.

## I. Background

The following allegations are drawn from the complaint and presumed to be true for purposes of this order, unless otherwise noted.  *See Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 85 (2d Cir. 2013).  Konopka is a citizen of

New York.  Compl. ¶ 6.  Clemons is a citizen of Nevada, *id.* ¶ 7, and Tandy and Donna Clemons are citizens of Oklahoma.  *Id.* ¶¶ 9–10.  Clemtek LLC was formed under the laws of Nevada and does business there; its only members are the three Clemons defendants.  *Id.* ¶ 8.

The complaint is devoid of allegations suggesting that any activities or events giving rise to Konopka's claims occurred in New York.  Instead, the only alleged connection to New York here is *Plaintiff's* citizenship: "Defendants' activities that are the subject of this lawsuit are directed at Christopher Konopka, who is a citizen of New York."  *Id.* ¶ 4.

Konopka and Clemons eventually resolved the Nevada litigation over ACG through a settlement agreement.  *Id.* ¶ 14; *see* Compl. Ex. A.[1]  According to Konopka, Clemons violated the

---

[1] The parties' filings include two versions of this agreement. Plaintiff attaches, as Exhibit A to the complaint, a February 22, 2017 document executed by Konopka and Clemons titled "Binding Terms for Settlement Agreement and Release."  *See* Compl. Ex. A.  While the complaint suggests that this document represents the parties' final or only "Agreement," Section 6 of the Binding Terms indicates that the parties agreed "to work diligently to execute a comprehensive Mutual Release and Settlement Agreement."  *Id.* at 4. Defendants attach, as Exhibit A to their motion to dismiss, the "Settlement Agreement and Mutual Release" executed by the parties in April 2017.  *See* Defs. Mot. to Dismiss ("Defs. Mot.") Ex. A, ECF No. 40-1.  In his opposition, Konopka does not dispute the validity of this agreement; he simply refers to it as the "Second Agreement."  Pl. Opp'n 5, ECF No. 42.

The two documents are mostly identical regarding Clemons's payment and security obligations and Nevada governing law.  Only the "Settlement Agreement and Mutual Release," however, contains a "Governing Law and Venue" provision, pursuant to which Konopka and Clemons "consent[ed] to the sole jurisdiction of the applicable courts for Clark County, Nevada for the purpose of any suit, action, or other proceeding arising out of or under this Agreement."  Defs. Mot. Ex. A at 5.  Defendants rely on this forum selection

3

settlement agreement by assigning the patent interest to Clemtek — despite Konopka having a valid security interest — and then defaulting on his payment obligations. Compl. ¶¶ 17-27. Konopka subsequently obtained court orders from the Eighth Judicial District Court of Nevada granting him sole ownership over the patent (and its underlying application). *Id.* ¶¶ 29-30. But Clemtek continues to assert "full ownership rights" over the patent. *Id.* ¶ 31.

Konopka alleges that Clemons's conduct materially breached the settlement agreement. *Id.* ¶¶ 32-37. He also claims that Clemons fraudulently induced him to enter that agreement by offering the security interest in ACG's patent, knowing that he intended to transfer ownership before Konopka could securitize his interest. *Id.* ¶¶ 22, 39-42. According to Konopka, Clemons's parents, as the other two members of Clemtek, assisted him in this fraudulent conduct. *Id.* ¶¶ 26, 52.

In support of their motion to dismiss, each individual defendant submitted a declaration disavowing any relevant connections with New York. Both Tandy and Donna Clemons attested that they had never visited, lived in, done business in, or owned any property or assets in the state. Decl. of Tandy Clemons ("Tandy Decl."), Ex. E ¶ 6, ECF No. 40-5; Decl. of

---

clause to argue that Konopka should have brought this dispute in Nevada. Because the Court resolves their motion on other grounds, it need not address whether this "Second Agreement" is properly considered at this stage.

4

Donna Clemons ("Donna Decl."), Ex. F. ¶ 6, ECF No. 40-6.  They also each declared, as a member of Clemtek, that the LLC "does not do business in," "does not own any property or assets in," and otherwise "has no connections with" New York.  Tandy Decl. ¶ 4; Donna Decl. ¶ 4.  Clemons similarly attested that he has never lived in or owned property there; while he has visited the state for prior jobs, "that was decades ago" and "entirely unrelated to any parties or issues involved in this dispute." Decl. of Christopher Clemons ("Clemons Decl."), Ex. D ¶ 3, ECF No. 40-4.

## II. Discussion

The Court's analysis begins and ends with personal jurisdiction.[2]  A plaintiff bears the burden of demonstrating that personal jurisdiction over each defendant is proper.  *See, e.g.*, *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34 (2d Cir. 2010).  In ruling on a motion to dismiss under Rule 12(b)(2), the Court may rely on materials outside the pleadings, including any affidavits submitted by the parties.  *See*

---

[2] Because personal jurisdiction and *forum non conveniens* are both "nonmerits" grounds for dismissal, a federal court has some "leeway" to choose which it takes up first.  *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431-32 (2007).  Where, as here, "a court can readily determine that it lacks jurisdiction over . . . the defendant[s], the proper course [is] to dismiss on that ground."  *Id.* at 436.

Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

*DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001); *Skrodzki v. Marcello*, 810 F. Supp. 2d 501, 507 (E.D.N.Y. 2011). "Where, as here, a court relies on pleadings and affidavits, . . . the plaintiff need only make a prima facie showing that the court possesses personal jurisdiction over the defendant[s]." *DiStefano*, 286 F.3d at 84. That showing still "must include an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant." *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013).

The Court's exercise of personal jurisdiction must comply with both the Federal Rules of Civil Procedure and the Due Process Clause of the Fourteenth Amendment. *See Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 167–68 (2d Cir. 2013). Under Rule 4(k), a federal district court may exercise personal jurisdiction to the extent allowed by the law of the state in which it sits. Fed. R. Civ. P. 4(k). In New York, a court may exercise personal jurisdiction over a non-resident defendant based on either general jurisdiction, *see* N.Y. C.P.L.R § 301, or specific jurisdiction under the state long-arm statute. *Id.* § 302; *e.g.*, *AVRA Surgical Robotics, Inc.*

6

*v. Gombert*, 41 F. Supp. 3d 350, 358 (S.D.N.Y. 2014) (collecting cases).

Under Section 301, a court has general personal jurisdiction over individuals who "are domiciled in New York, have a physical presence in New York, or consent to New York's exercise of jurisdiction." *Pinto-Thomaz v. Cusi*, No. 15-CV-1993, 2015 WL 7571833, at *3 (S.D.N.Y. Nov. 24, 2015) (citing *Pichardo v. Zayas*, 996 N.Y.S.2d 176, 180 (App. Div. 2d Dep't 2014)). General jurisdiction also exists over defendants — individuals and corporate entities alike — that "engage[] in such a continuous and systematic course of doing business in New York that a finding of its presence in New York is warranted." *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 224 (2d Cir. 2014); *see Patel v. Patel*, 497 F. Supp. 2d 419, 425 (E.D.N.Y. 2007) ("Although the 'doing business' test is most often used to find jurisdiction over a corporate defendant, this test can be applied to a nonresident individual, provided that the defendant is 'doing business' in New York personally and not on behalf of a corporation."). Konopka does not attempt to establish general jurisdiction over any of the defendants. Nor could he: the complaint includes no allegations that the defendants have any connections to New York, let alone ones sufficient to satisfy the general personal jurisdiction requirements. And indeed, the defendants affirmatively attest

7

to just the opposite. *See* Clemons Decl. ¶ 3; Tandy Decl. ¶¶ 4, 6; Donna Decl. ¶¶ 4, 6.

Instead, Konopka asserts that specific jurisdiction exists under Section 302(a)(3), which confers personal jurisdiction when a defendant:

> commits a tortious act without the state causing injury to person or property within the state, . . . if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

N.Y. C.P.L.R. § 302(a)(3); *see* Pl. Opp'n 7. He does not, however, claim specific jurisdiction under either § 302(a)(3)(i) or § 302(a)(3)(ii), or both; in fact, his opposition brief quotes only the first part of the statute — "commits a tortious act without the state causing injury to person or property within the state" — without mentioning either set of conditions that follow. *See* Pl. Opp'n 7.

In any case, Konopka fails to establish any covered injury "within the state" of New York under either subsection. As a threshold issue, Section 302(a)(3) "is expressly limited to tortious conduct, and thus cannot confer jurisdiction over plaintiff's breach of contract claim." *AVRA Surgical Robotics*, 41 F. Supp. 3d at 361; *see Madison Cap. Markets, LLC v. Starneth Eur. B.V.*, No. 15-CV-7213, 2016 WL 4484251, at *5 (S.D.N.Y. Aug.

8

23, 2016).  That subsection therefore cannot provide a basis for personal jurisdiction for Konopka's breach-of-contract claim.[3]

As to the remaining claims, "[c]ourts determining whether there is injury in New York sufficient to warrant § 302(a)(3) jurisdiction must generally apply a situs-of-injury test, which asks them to locate the original event which caused the injury."  *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 209 (2d Cir. 2001).  "The situs of the injury is the location of the original event which caused the injury, not the location where the resultant damages are felt by the plaintiff."  *Id.*; *see Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 791 (2d Cir. 1999).

Konopka does not allege that any injury-causing event occurred within New York.  The complaint does not allege where the "original event which caused the injury" — namely, Clemons's assignment of the patent interest to Clemtek — took place, but there is no indication that place is New York.  Instead, the

---

[3] Courts interpreting Nevada law — which the Court assumes to be the governing law, as set out in the parties' settlement agreements, for purposes of this order — appear to construe both fraudulent inducement and fraudulent conveyance as actions sounding in tort.  *See Luxeyard, Inc. v. Kay Holdings, Inc.*, No. 15-CV-357, 2016 WL 4941997, at *6 (D. Nev. Sept. 15, 2016) (fraudulent inducement); *Plaza Bank v. Alan Green Fam. Tr.*, No. 11-CV-130, 2011 WL 3204681, at *8 (D. Nev. July 26, 2011) (fraudulent conveyance).  Whether conceived of as tort or contract (or quasi-contract) claims, however, is ultimately of no moment: Plaintiff fails to establish personal jurisdiction as to either type of claim.

9

only connection between the defendants' allegedly tortious acts and New York is Konopka's (current) residence in the state. Compl. ¶ 4. As courts have repeatedly held, however, "residence or domicile of the injured party within New York is not a sufficient predicate for jurisdiction under section 302(a)(3)." *Troma Ent., Inc. v. Centennial Pictures Inc.*, 729 F.3d 215, 218 (2d Cir. 2013); *see, e.g.*, *Penguin Grp.*, 609 F.3d at 38 ("[T]he suffering of economic damages in New York is insufficient, alone, to establish a direct injury in New York for N.Y. C.P.L.R. § 302(a)(3) purposes."); *Lipin v. Bergquist*, 574 F. Supp. 2d 423, 432 (S.D.N.Y. 2008). Instead, "especially for claims involving 'a nonphysical, commercial injury,' the situs of injury 'is where the critical events associated with the dispute took place.'" *AVRA Surgical Robotics*, 41 F. Supp. 3d at 361 (quoting *Weiss v. Greenburg, Traurig, Askew, Hoffman, Lipoff, Quentel & Wolff, P.A.*, 446 N.Y.S.2d 447, 449 (App. Div. 3d Dep't 1981)). The complaint offers nothing in this regard. Thus, the "fortuitous location" of Konopka "in New York is not a sufficient basis for jurisdiction under § 302(a)(3) where the underlying events took place outside New York." *Whitaker*, 261 F.3d 196 at 209.

Even if the injury occurred within New York, Konopka fails to satisfy the other statutory conditions of Section 302(a)(3). The complaint is devoid of any allegation that any

10

defendants regularly do business, otherwise engage in a persistent course of conduct, or derive substantial revenue from services rendered in New York. N.Y. C.P.L.R. § 302(a)(3)(i). Nor does it allege that any defendants reasonably expected their actions to have consequences in the state or derive substantial revenue from interstate commerce. *Id.* § 302(a)(3)(ii). The Court therefore lacks personal jurisdiction over any of the defendants.

Because personal jurisdiction is not authorized under New York's long-arm statute, the Court need not address at any great length whether its exercise in this case comports with the Due Process Clause. For similar reasons, the complaint fails to satisfy the constitutional inquiry. Due process requires that a defendant have sufficient "minimum contacts" with the forum such that jurisdiction "not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). As the Supreme Court has explained, "the plaintiff cannot be the only link between the defendant and the forum." *Walden v. Fiore*, 571 U.S. 277, 285 (2014). Thus, where a defendant's "relevant conduct occurred entirely" outside the forum state — or, as is the case here, the plaintiff fails to allege any relevant conduct by defendants within the forum state — the "mere fact that his conduct affected [a] plaintiff[] with connections to the forum State does not suffice to authorize

11

jurisdiction." *See id.* at 291. Accordingly, each defendant lacks sufficient minimum contacts with New York.

Konopka, perhaps recognizing the weakness of his position, requests limited jurisdictional discovery. Pl. Opp'n 9. Although a court has "broad discretion" to order "discovery aimed at establishing personal jurisdiction," *see Vista Food Exch., Inc. v. Champion Foodservice, LLC*, 124 F. Supp. 3d 301, 313 (S.D.N.Y. 2015), the Court sees no basis for doing so here. "District courts in this circuit routinely reject requests for jurisdictional discovery where a plaintiff's allegations are insufficient to make out a *prima facie* case of [personal] jurisdiction." *Stutts v. De Dietrich Grp.*, 465 F. Supp. 2d 156, 169 (E.D.N.Y. 2006) (collecting cases). Absent any allegations regarding the connections between the defendants and New York, and given their affirmative disavowals of any relevant connections to the state, limited discovery on this issue is not appropriate. *See Jazini v. Nissan Motor Co.*, 148 F.3d 181, 186 (2d Cir. 1998); *see also Manhattan Life Ins. Co. v. A.J. Stratton Syndicate (No. 782)*, 731 F. Supp. 587, 593 (S.D.N.Y. 1990) ("[A] court should not approve a fishing expedition when little more exists than plaintiff's bare assertions that jurisdiction is proper.").

12

Because Konopka has failed to establish that the Court has personal jurisdiction over any of the defendants, the complaint must be dismissed.[4]

### III. Conclusion

For the reasons set forth above, the defendants' motion is granted, and the complaint is dismissed.

SO ORDERED.

    /s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:    August 21, 2023
            Brooklyn, New York

---

[4] In concluding that Konopka has failed to establish personal jurisdiction, the Court does not address the defendants' alternative argument for dismissal — namely, that under the doctrine of *forum non conveniens*, the Settlement Agreement and Mutual Release's forum selection clause requires that this suit be brought in Clark County, Nevada.  The Court notes, however, that Konopka concedes that Clemons — the defendant at the center of the complaint allegations — may invoke the forum selection clause, *see* Pl. Opp'n 4 n.3, and the remaining defendants, pursuant to that clause, "agree that venue should be in Clark County, Nevada and consent to jurisdiction in Nevada."  Defs. Mot. 8, ECF No. 40.

13